appellants perfect the appeal, place the case on the May calendar, and be ready for argument when reached; otherwise, motion denied, with $10 costs.

---

Henry A. SIEBRECHT, respondent, v. NEW YORK, WESTCHESTER & BOSTON RAILWAY COMPANY and The City & County Contract Company, appellants. (Supreme Court, Appellate Division, Second Department, April 14, 1916.) Judgment affirmed, with costs, upon the authority of Goodenough v. New York, Westchester & Boston Ry. Co. and another (decided herewith) 158 N. Y. Supp. 1116. Jenks, P. J., and Thomas, Carr, and Rich, JJ., concur. Mills, J., dissents upon the sole ground that the construction and operation of a railroad for public use are not within the prohibition of the restrictions.

---

Edmunt SIKORSKI, appellant, v. WOTHERSPOON PLASTER MILLS, Inc., respondent. (Supreme Court, Appellate Division, Second Department. March 31, 1916.) Judgment unanimously affirmed, with costs. No opinion.

---

Rose SILVERSTEIN, Appellant, v. Diederich TONJES and John H. Tonjes, Respondents. (Supreme Court, Appellate Term, First Department. May 9, 1916.) Appeal from Municipal Court, Borough of Manhattan, Seventh District. Action by Rose Silverstein against Diederich Tonjes and another. From a judgment of the Municipal Court, dismissing the complaint on motion, plaintiff appeals. Reversed, and new trial ordered. The complaint alleged that the lease contained the following provision relating to the deposit: "Tenant also agrees to pay $791.67 on signing this lease, $291.67 of which is to pay rent up to November 1, 1912, and the balance, $500, is to be held by the landlords as security for the faithful performance of the covenants contained herein, in which event the said sum shall apply on account of rent for the month of August, 1922, and rent in full for the month of September, 1922; otherwise, the said $500 becomes the property of the landlord as liquidated damages."

PER CURIAM. The action is to recover a deposit made by plaintiff with defendants upon the execution of a lease from defendants to plaintiff. The deposit was to insure the performance upon the part of the plaintiff of the covenants of the lease. In case of the breach of the covenants the deposit was to be considered liquidated damages. There are many authorities upon the question raised by the appellant, but under the decision rendered in the case of Feinsot v. Burstein, 161 App. Div. 651, 146 N. Y. Supp. 939, we think the court should have taken the proofs offered by the plaintiff. Judgment should therefore be reversed, and a new trial ordered, with $30 costs to appellant to abide the event.

---

Gustave F. SIMON et al., Applts., v. MORRISON SILK CO. and ano., Respts. (Supreme Court, Appellate Division, First Department. April 14, 1916.) Order affirmed, with $10 costs and disbursements. No opinion. Order filed.

---

Gilbert O. SMITH, appellant, v. Elijah OSTERHOUT, respondent. (Supreme Court, Appellate Division, Second Department. March 31, 1916.) Judgment affirmed, with costs. No opinion. Jenks, P. J., and Thomas, Stapleton, Mills, and Putnam, JJ., concur.

---

Thomas F. SMITH, respondent, v. Sarah A. SMITH and Edward J. Smith, appellants. (Supreme Court, Appellate Division, Second Department. April 7, 1916.) Judgment reversed and new trial granted, costs to abide the event, upon the ground that the trial court erred in its rulings upon questions of evidence to the substantial prejudice of the defendants, they excepting, at folios 84, 351, 445, 87–94, 255, and 208, 210. Jenks, P. J., and Thomas, Mills, and Putnam, JJ., concur. Carr, J., not voting.

---

Cora L. SPALDING respt., v. Edwin S. SPALDING, applt. (Supreme Court, Appellate Division, Third Department. May 11, 1916.) Motion granted, without costs.

---

Fred K. SPEER, applt., v. CITY OF JAMESTOWN and Thomas Mahoney, respts. (Supreme Court, Appellate Division, Fourth Department. March 31, 1916.) Motion for leave to appeal to Court of Appeals granted, and question for review certified.

---

In the Matter of Sigmund J. SPIEHLER, as ex'r. (Supreme Court, Appellate Division, First Department. April 28, 1916.) Decree affirmed, with costs. No opinion. Order filed.

---

Cora A. SPRINGER, Applt., v. PEOPLE'S VAUDEVILLE CO., Respt. (Supreme Court, Appellate Division, First Department. April 28, 1916.) Order affirmed, with $10 costs and disbursements. No opinion. Order filed.

---

STANDARD SCALE & SUPPLY CO. v. The CITY OF NEW YORK. (Supreme Court, Appellate Division, First Department. April 28, 1916.) Application granted. Order signed.

---

Charles A. STARBUCK, plaintiff, v. Evelyn W. SMITH and Mabel F. Monk, defendants. (Supreme Court, Appellate Division, Second Department. April 25, 1916.) Motion for new trial dismissed, without costs, upon the ground that, an order having been entered at Trial Term denying plaintiff's motion for a new trial, his exceptions cannot now be heard here in the first instance. Babad v. Colton Dental Association, 150 App. Div. 561, 135 N. Y. Supp. 555. Jenks, P. J., and Thomas, Carr, Stapleton, and Mills, JJ., concur.

---

STATEN ISLAND BRIDGE CO., Respt., v. Anderson PRICE, Applt. (Supreme Court, Appellate Division, First Department. April 14, 1916.) Order affirmed, with $10 costs and disbursements. No opinion. Order filed.

---

In the Matter of Henry STENGEL, an attorney. (Supreme Court, Appellate Division, Second Department. April 25, 1916.) Motion granted.